BROWN-CRUMMER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25867. Promulgated April 28, 1930.

*Ray G. Ransom, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent asserted deficiencies in income taxes against the petitioner for the calendar years 1922 and 1924, in the respective amounts of $5,927.70 and $9,922.29, from which this appeal is prosecuted. The error alleged is that the respondent wrongfully increased the petitioner's taxable income for the years by the amount of receipts derived by it from tax-exempt bonds, which it sold to and later repurchased from the First National Bank in Wichita, Kans.,

in accordance with certain repurchase agreements entered into at the date of sale. The reasons assigned by the respondent for his denial of the petitioner's claims for deduction of the amounts in controversy are contained in a statement enclosed with his deficiency letter to petitioner, under date of February 8, 1927, reading as follows:

1. Net income has been increased by interest on municipal bonds deposited with First National Bank of Wichita under " repurchase agreements ", inasmuch as the First National Bank is also claiming certain interest payments which they contend are merely a reimbursement to them of the interest on the bonds. There cannot be two tax-exempt items of income arising from the same bonds.

\* \* \* \* \* \* \*

At the hearing of this case when it was regularly called for trial, it was agreed in open court by the attorneys for the petitioner and respondent that no evidence be introduced, but that the issues herein presented be submitted, considered and decided upon the transcript of the record made in *First National Bank in Wichita* v. *Commissioner*, 19 B. T. A. 744, and be promulgated after or along with the decision in those cases. Inasmuch as the record in *First National Bank in Wichita*, *supra*, shows that the identical interest payments, here in controversy (therein claimed by that appellant), were not received by it, but by this petitioner, it follows that the respondent erred in denying the deductions herein claimed and that this appeal must be sustained.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

SMITH and TRAMMELL dissent.